Eric A. Savage (NJ. Bar No.010491986)
Jeannine R. Idrissa (NJ Bar No. 026682003)
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendant
 inVentiv Commercial Services, LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIA BARNETT,<br><br>                  Plaintiff,<br><br>vs.<br><br>INVENTIV HEALTH LLC,<br><br>                  Defendant. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>*Electronically Filed* |

TO:   **Clerk, United States District Court, District of New Jersey
       Martin Luther King Building & U.S. Courthouse
       50 Walnut Street
       Newark, New Jersey 07101**

inVentiv Commercial Services, LLC (misidentified in the Complaint as "inVentiv Health LLC") ("Defendant"), hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the New Jersey Superior Court, Law Division, Essex County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and states:

1.     On or about April 27, 2016, Plaintiff Nia Barnett ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Essex County,

captioned "Nia Barnett v. inVentiv Health LLC" and assigned Docket No. ESX-L-3034-16 (the "State Court Action"). The State Court Action is pending in that court.

2.      Defendant first received notice of the State Court Action on May 17, 2016. This Notice of Removal is being filed within the time limits set by 28 U.S.C. § 1446(b).

3.      Copies of the foregoing papers, which constitute all of the process and pleadings served upon Defendant to date, are annexed hereto as **Exhibit A.**

4.      The United States District Court for the District of New Jersey has original federal question jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331, because Plaintiff has asserted a claim for violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*

5.      Furthermore, pursuant to 28 U.S.C. § 1367, the United States District Court for the District of New Jersey has supplemental jurisdiction over Plaintiff's state law claims, which arise from the same facts and circumstances as her federal claim.

6.      This Notice of Removal is being filed in the District of New Jersey, the United States District Court for the district and division within which the State Court Action is pending.

7.      Attached hereto as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the New Jersey Superior Court Clerk, Law Division, Essex County, as required by 28 U.S.C. § 1446(d).

8.      Attached hereto as **Exhibit C** is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff, who is representing herself *pro se*, pursuant to 28 U.S.C. § 1446(d).

9.      By filing this Notice of Removal, Defendant does not waive any defenses available to it including, but not limited to, any and all defenses based upon insufficiency of process and/or insufficiency of service of process.

captioned "Nia Barnett v. inVentiv Health LLC" and assigned Docket No. ESX-L-3034-16 (the "State Court Action"). The State Court Action is pending in that court.

2. Defendant first received notice of the State Court Action on May 17, 2016. This Notice of Removal is being filed within the time limits set by 28 U.S.C. § 1446(b).

3. Copies of the foregoing papers, which constitute all of the process and pleadings served upon Defendant to date, are annexed hereto as **Exhibit A.**

4. The United States District Court for the District of New Jersey has original federal question jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331, because Plaintiff has asserted a claim for violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*

5. Furthermore, pursuant to 28 U.S.C. § 1367, the United States District Court for the District of New Jersey has supplemental jurisdiction over Plaintiff's state law claims, which arise from the same facts and circumstances as her federal claim.

6. This Notice of Removal is being filed in the District of New Jersey, the United States District Court for the district and division within which the State Court Action is pending.

7. Attached hereto as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the New Jersey Superior Court Clerk, Law Division, Essex County, as required by 28 U.S.C. § 1446(d).

8. Attached hereto as **Exhibit C** is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff, who is representing herself *pro se*, pursuant to 28 U.S.C. § 1446(d).

9. By filing this Notice of Removal, Defendant does not waive any defenses available to it including, but not limited to, any and all defenses based upon insufficiency of process and/or insufficiency of service of process.

**WHEREFORE**, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

LITTLER MENDELSON
A Professional Corporation

*/s/ Jeannine R. Idrissa*
Jeannine R. Idrissa (N.J. Bar No. 026682003)
Attorneys for Defendant
inVentiv Commercial Services, LLC

Dated: June 6, 2016

## **CERTIFICATION OF SERVICE**

I, JEANNINE R. IDRISSA, of full age, hereby certifies as follows:

1. On this date, I caused the following documents to be electronically filed with the Clerk, United States District Court, District of New Jersey:

    (a) Notice of Removal (with attached Exhibits A [all process, pleadings and orders served upon Defendants], B [Notice of Filing of Notice of Removal to the Clerk of the New Jersey Superior Court] and C [Notice to Adverse Party of Filing of Notice of Removal]);

    (b) Civil Cover Sheet;

    (c) Notice of Appearance and Request for Electronic Notification for Eric Savage;

    (d) Notice of Appearance and Request for Electronic Notification for Jeannine R. Idrissa;

    (e) Rule 7.1 Corporate Disclosure Statement;

    (f) Application for Extension of Time to Answer, Move or Otherwise Respond Pursuant to L. Civ. R. 6.1; and

    (g) This Certification of Service.

2. On this date, I caused the following documents to be served via Fedex overnight delivery upon Nia Barnett, *Pro Se* Plaintiff, 11 Park Place, Apt. 305, Bloomfield, NJ 07003:

    (a) Original Notice to Adverse Party of Filing of Notice of Removal (with copy of the Notice of Removal attached);

    (b) Copy of the Civil Cover Sheet;

    (c) Copy of the Notice of Appearance and Request for Electronic Notification for Eric Savage;

(d) Copy of the Notice of Appearance and Request for Electronic Notification for Jeannine R. Idrissa;

(e) Copy of the Rule 7.1 Corporate Disclosure Statement;

(f) Copy of the Application for Extension of Time to Answer, Move or Otherwise Respond Pursuant to L. Civ. R. 6.1; and

(g) Copy of this Certification of Service.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


Dated: June 6, 2016                                       /s/ *Jeannine R. Idrissa*
                                                              Jeannine R. Idrissa

# EXHIBIT A

# (TO THE NOTICE OF REMOVAL)

Nia Barnett, *Pro Se*
11 Park Place, Apt. 305
Bloomfield, NJ  07003

Prepared with the assistance of counsel
Jonathan I. Nirenberg
Rabner Baumgart Ben-Asher & Nirenberg, P.C.
52 Upper Montclair Plaza
Upper Montclair, NJ 07043-1391
Tel: (973) 744-4000
JNirenberg@njemploymentlawfirm.com

|  |  |
|---|---|
| NIA BARNETT,<br><br>Plaintiff,<br><br>v.<br><br>InVentiv Health LLC,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br><br>ESSEX COUNTY<br>LAW DIVISION<br><br>DOCKET NO. ESX-L- 3034-16<br><br>Civil Action |

Plaintiff, Nia Barnett, *Pro Se*, by way of Counterclaim against Defendant InVentiv Health, LLC, says:

### COUNT I

### (RACE AND COLOR DISCRIMINATION IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINTION)

1. Plaintiff Nia Barnett ("Ms. Barnett"), an individual, resides at 11 Park Place, Apt. 305, Bloomfield, Essex County, New Jersey 07003.

2. Defendant InVentiv Health LLC ("Defendant"), a Limited Liability Corporation, does business in the State of New Jersey including at 500 Atrium Dr, Somerset, New Jersey 08873.

3. Venue is proper in this County because, among other reasons, Ms. Barnett is a resident of Essex County, New Jersey.

4. Ms. Barnett was employed by Defendant from approximately June 2013 through December 31, 2015.

5. Ms. Barnett is African American, black and has a very dark skin tone.

6. Throughout her employment with Defendant, Ms. Barnett has experienced harassment because of her race and color. The harassment includes, but is not limited to:

    a. Screaming and yelling at her; threatening behaviors (banging on her desk)

    b. Vandalism and destruction of her workspace; throwing trash on her desk.

    c. Theft of her personal items.

7. Ms. Barnett repeatedly objected about the harassment she experienced, including but not limited to lodging complaints with:

    a. Monica Rodriguez (Direct Supervisor) on January 13, 2014; September 12, 2014; September 29, 2014; {...} April 27, 2015

    b. Julita Boutros (Call Center Manager) on September 12, 2014, April 27, 2015; August 4, 2015

    c. Christina Davidson [Richardson], RN (Direct Supervisor) on June 22, 2015

    d. Nancy Fabio (Direct Supervisor) – [...] July 31, 2015; August 4, 2015; September 8, 2015

    e. Angela Mitchell (Head of Human Resources) on June 22, 2015; July 21, 2015

    f. Keila Rodriguez (Human Resources Manager) on June 23, 2015; June 25, 2015 [...]

g. Greg Limoges (Vice President Corporate HR);   Michael Bell (Chairman and Chief Executive Officer);   Michael Griffith (Executive Vice President); Michael McKelvey (Executive Vice President) – emails sent on July 29, 2015

h. Meeting with Diane Condon (Vice President, Human Resources Patient Outcomes) on August 3, 2015

i. Email to Michael Bell (Chairman and CEO) on September 10, 2015; September 14, 2015

j. Meeting with Greg Limoges (VP Corporate HR) on September 18, 2015

In addition, on or about June 30, 2015, Ms. Barnett filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

8. Defendant's harassment of Ms. Barnett was part of an ongoing pattern.

9. Defendant's harassment of Ms. Barnett was severe or pervasive such that it changed the terms and conditions of her employment.

10. Defendant's actions toward Ms. Barnett constitute harassment due to race and color in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* (the "LAD").

11. As a result of Defendant's discriminatory actions, Ms. Barnett has experienced, and will continue to experience, injuries including but not necessarily limited to lost salary and benefits, emotional distress, physical distress and pain and suffering.

12. Defendant's discriminatory actions were egregious, willful, wanton and in reckless disregard of Ms. Barnett's rights.

13. Defendant's upper management, including but not limited to Monica Rodriguez (Direct Supervisor); Julita Boutros (Call Center Manager); Christina Davisdson [Richardson] - RN (Direct Supervisor);   Nancy Fabio (Direct Supervisor); Keila Rodriguez (Human Resources

3

Manager); and Deborah Hunter (NAVA Guide/Team member [non-management] ) participated in the relevant unlawful conduct.

## COUNT TWO
## (RETALIATION IN VIOLATION OF THE LAD)

14.     Ms. Barnett repeats and re-alleges each and every allegation set forth above, as if set forth at length herein.

15.     Defendant's harassment of Ms. Barnett continued and intensified as a result of the objections she made about the harassment, including but not limited to after Defendant became aware that she had filed a Charge of Discrimination with the EEOC.

16.     Defendant's actions constitute retaliation in violation of the LAD.

17.     As a result of Defendant's discriminatory actions, Ms. Barnett has experienced and will continue to experience injuries including but not necessarily limited to lost salary and benefits, emotional distress, physical distress and pain and suffering.

18.     Defendant's retaliatory actions were egregious, willful, wanton and in reckless disregard of Ms. Barnett's rights.

19.     Defendant's upper management, including but not limited to Monica Rodriguez (Direct Supervisor); Julita Boutros (Call Center Manager); Christina Davisdson [Richardson], RN (Direct Supervisor);   Nancy Fabio (Direct Supervisor); Keila Rodriguez (Human Resources Manager); and Deborah Hunter (NAVA Guide/Team member [non-management] )  participated in the relevant unlawful conduct.

4

## COUNT THREE

### (RETALIATION IN VIOLATION OF THE CONSCIENTIOUS EMPLOYEE PROTECTION ACT)

20. Ms. Barnett repeats and re-alleges each and every allegation set forth above, as if set forth at length herein.

21. On one or more occasions during the course of her employment for Defendant, including but not necessarily limited to June 18 – 22, 2015; July 22-31, 2015 [...], Ms. Barnett objected because she reasonably believed Defendant was violating the Health Insurance Portability and Accountability Act ("HIPAA").

22. Defendant's harassment of Ms. Barnett continued and intensified because she objected to Defendant's apparently violating HIPAA.

23. Defendant's actions constitute retaliation in violation of the Conscientious Employee Protection Act, N.J.S.A. 34:-19-1, *et seq.* ("CEPA").

24. As a result of Defendant's retaliatory actions, Ms. Barnett has experienced and will continue to experience injuries including but not necessarily limited to lost salary and benefits, emotional distress, physical distress and pain and suffering.

25. Defendant's discriminatory actions were egregious, willful, wanton and in reckless disregard of Ms. Barnett's rights.

26. Defendant's upper management, including but not limited to Monica Rodriguez (Direct Supervisor); Julita Boutros (Call Center Manager); Christina Davisdson [Richardson], RN (Direct Supervisor); Nancy Fabio (Direct Supervisor); Keila Rodriguez (Human Resources Manager); and Deborah Hunter (NAVA Guide/Team member [non-supervisory] ) participated in the relevant unlawful conduct.

## COUNT FOUR

### (RACE AND COLOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964)

27. Ms. Barnett repeats and re-alleges each and every allegation set forth above, as if set forth at length herein.

28. On or about June 30, 2015, Ms. Barnett filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

29. On January 28, 2016, the EEOC issued a Right to Sue letter to Ms. Barnett.

30. Defendant's actions toward Ms. Barnett constitute harassment due to race and color in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

31. As a result of Defendant's discriminatory actions, Ms. Barnett has experienced and will continue to experience injuries including but not necessarily limited to lost salary and benefits, emotional distress, physical distress and pain and suffering.

32. Defendant's discriminatory actions were egregious, willful, wanton and in reckless disregard of Ms. Barnett's rights.

33. Defendant's upper management, including but not limited to Monica Rodriguez (Direct Supervisor); Julita Boutros (Call Center Manager); Christina Davisdson [Richardson], RN (Direct Supervisor); Nancy Fabio (Direct Supervisor); Keila Rodriguez (Human Resources Manager); and Deborah Hunter (NAVA Guide/Team member [non-supervisory] ), participated in the relevant unlawful conduct.

**WHEREFORE**, Plaintiff Nia Barnett seeks judgment against Defendant InVentiv Health, LLC, and seeks damages compensating for her economic losses, emotional and physical distress damages and punitive damages from Defendant.

## JURY DEMAND

Plaintiff Nia Barnett hereby demands a trial by jury as to all causes so triable.

Dated: April 26, 2016          By: _____
                                   Nia Barnett, *Pro Se*


## R. 4:5-1 CERTIFICATION

I certify that this case is not the subject of any other action pending in any court or of pending arbitration proceeding, and no such action or arbitration proceeding is contemplated.

I know of no other parties who should be joined in the action.

Dated: April 26, 2016          By: _____
                                   Nia Barnett, *Pro Se*

# EXHIBIT B

# (TO THE NOTICE OF REMOVAL)

Eric A. Savage (No. 010491986)
Jeannine R. Idrissa (No. 026682003)
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendant
    inVentiv Commercial Services, LLC

| | |
|---|---|
| NIA BARNETT,<br><br>                        Plaintiff,<br><br>vs.<br><br>INVENTIV HEALTH LLC,<br><br>                        Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO. ESX-L-3034-16<br><br>**NOTICE OF FILING OF**<br>**NOTICE OF REMOVAL** |

**TO:** **Clerk, Superior Court of New Jersey**
**Law Division, Essex County**
**Historic Courthouse**
**470 Martin Luther King, Jr. Blvd.**
**Newark, NJ 07102**

**SIR OR MADAM:**

**PLEASE TAKE NOTICE** that on June 6, 2016, inVentiv Commercial Services, LLC (misidentified in the Complaint as "inVentiv Health LLC") ("Defendant"), filed a Notice of Removal of the above-captioned action in the United States District Court for the District of New Jersey.  Attached hereto is a copy of the Notice of Removal of this case.  Upon filing of this Notice of Filing of Notice of Removal, Defendant shall give written notice thereof to Nia Barnett, *Pro Se* Plaintiff, 11 Park Place, Apt. 305, Bloomfield, NJ 07003.

Pursuant to 28 U.S.C. §1446(d), the filing of the Notice of Removal in the United States District Court for the District of New Jersey, together with the filing of a copy of the Notice of

Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the action is remanded.

LITTLER MENDELSON<br>
A Professional Corporation<br><br>
_____<br>
Jeannine R. Idrissa<br>
Attorneys for Defendant<br>
inVentiv Commercial Services, LLC

Dated: June 6, 2016

## CERTIFICATION OF SERVICE

I, JEANNINE R. IDRISSA, certify that on this date I caused a copy of this Notice of Filing of Notice of Removal (with a copy of the Notice of Removal attached) to be served via Fedex overnight delivery on Nia Barnett, *Pro Se* Plaintiff, 11 Park Place, Apt. 305, Bloomfield, NJ 07003.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: June 6, 2016

_____
Jeannine R. Idrissa

Firmwide:140663964.1 068953.1040

# EXHIBIT C

# (TO THE NOTICE OF REMOVAL)

Eric A. Savage (NJ Bar No.010491986)
Jeannine R. Idrissa (NJ Bar No. 026682003)
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendant
  inVentiv Commercial Services, LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIA BARNETT,<br><br>         Plaintiff,<br><br>vs.<br><br>INVENTIV HEALTH LLC,<br><br>         Defendant. | Civil Action No. _____<br><br>**NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL** |

To:   **Nia Barnett, *Pro Se* Plaintiff**
      **11 Park Place, Apt. 305**
      **Bloomfield, NJ 07003**

**PLEASE TAKE NOTICE** that inVentiv Commercial Services, LLC (misidentified in the Complaint as "inVentiv Health LLC"), Defendant in the action filed by Plaintiff Nia Barnett in the New Jersey Superior Court, Law Division, Essex County, under Docket No. ESX-L-3034-16, has filed a Notice of Removal to the United States District Court for the District of New Jersey on this 6th day of June, 2016, pursuant to 28 U.S.C. §§ 1331 and 1367. A copy of the Notice of Removal is attached.

                                                       LITTLER MENDELSON
                                                       A Professional Corporation

                                                       _____
                                                       Jeannine R. Idrissa (N.J. Bar No. 026682003)
                                                       Attorneys for Defendant
Dated: June 6, 2016                                    inVentiv Commercial Services, LLC

## CERTIFICATION OF SERVICE

I, JEANNINE R. IDRISSA, certify that on this date I caused this original Notice to Adverse Party of Filing of Notice of Removal (with a copy of the Notice of Removal attached) to be served via Fedex overnight delivery on Nia Barnett, *Pro Se* Plaintiff, 11 Park Place, Apt. 305, Bloomfield, NJ 07003.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: June 6, 2016

_____
Jeannine R. Idrissa

Firmwide:140663782.1 068953.1040

2